Edward S. Conway, J.
This is a proceeding pursuant to CPLR article 78 in which petitioner is seeking an order: (1) declaring the determination of respondent Owen herein to be arbitrary and capricious and violative of petitioner’s constitutional rights; (2) annulling said determination; and (3) expunging the said determination from petitioner’s record and directing that petitioner be reinstated as a nonprobationary matriculated student at Columbia-Greene Community College with all privileges, rights and benefits appurtenant thereto.
Petitioner Robert De Prima is a first-year student at respondent Columbia-Greene Community College (hereinafter referred to as College), a two-year college located in Columbia County and chartered by the State University of New York and the New York State Education Department. On November 10, 1976, petitioner was suspended from the College by letter from the president, respondent Owen, and charged with apparently violating sections 1, 5, 6, 7, 8 and 10 of the institution’s "Rules for the Maintenance of Public Order” in an incident that occurred on November 9, 1976.
Petitioner subsequently requested a hearing into the *621 charges and a hearing was set for November 16, 1976. A panel consisting of two students, two members of the faculty, and one member of the administrative staff was chosen to consider the charges made against the petitioner. The panel was convened and petitioner appeared before it with his attorney. The attorney was permitted to confer with the petitioner but was not allowed to cross-examine any of the witnesses and no record was made of the proceedings nor was petitioner allowed to produce witnesses.
The panel found unanimously that the petitioner violated sections 1 and 8 of the College’s "Rules for the Maintenance of Public Order” and recommended that petitioner be placed on disciplinary probation. This means that he is prohibited from participating in any student or social activities as long as he is a student, and is deprived of his student government office. There are no restrictions on his academic activities, however.
Respondents contend that the procedure followed in connection with the disciplinary action taken against the petitioner was, in all respects, lawful and within their discretionary power. They also contend that the applicable case law of New York does not require, under the circumstances of the instant case, that a student be entitled to cross-examine or call witnesses on his behalf, or to have a public hearing or a record made of the proceedings.
The court cannot agree with these contentions of the respondents. There are no generally recognized guidelines applicable to student disciplinary hearings. The courts agree only upon the principle that there must be notice and an opportunity to be heard "appropriate to the case” (Goss v Lopez, 419 US 565). Here, petitioner faced the possible expulsion from college, loss of his student senate office of treasurer, and had a finding of wrongdoing placed on his college record. This is the "severe detriment or grevious loss” and the "nature” of the interest which brings the due process clause into play (see Board of Regents v Roth, 408 US 564). A disciplinary probation is, of course, a far milder deprivation than expulsion, but the total exclusion from the student or social activities and the loss of student office is a serious event in the life of petitioner and a blemish on his record.
The question then presents itself, what due process is due? The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation, and this court is also mindful of the admonition of *622 the United States Supreme Court in Epperson v Arkansas (393 US 97, 104) that "Judicial interposition in the operation of the public school system of the Nation raises problems requiring care and restraint.” However, hearings in connection with possible expulsion and loss of valuable student rights as heretofore mentioned must afford the student the opportunity to confront and cross-examine witnesses supporting the charges or to call his own witnesses to verify his version of the incident.
Here, petitioner was not afforded these rights during the hearing because, as the opposing affidavit of respondent Owen said, the incident, in his opinion, "did not justify the full panoply of a hearing with a public record and any other accoutrements of full due process.” The matter is therefore remanded to the panel of inquiry of the respondent College for a further hearing where the petitioner is to be permitted an opportunity to cross-examine witnesses and produce witnesses on his behalf.